NAAMLOOZE VENNOOTSCHAP MAATSCHAPPIJ STOOMSCHIP BARENDRECHT (Barendrecht Steamship Company, Limited) v. MORAN TOWING & TRANSPORTATION CO. THE BARENDRECHT. THE CATHERINE MORAN. NAAMLOOZE VENNOOTSCHAP MAATSCHAPPIJ STOOMSCHIP BARENDRECHT v. UNITED STATES.

(District Court, S. D. New York. November 19, 1925.)

United States ⬿110—United States, seeking to recover damages to dredge, held liable for interest, on finding against it on cross-libel.

United States, seeking, in libel against steamship, to recover damages to dredge from collision, with interest, on finding against it on cross-libel, held chargeable with interest.

Libels by the Naamlooze Vennootschap Maatschappij Stoomschip Barendrecht (the Barendrecht Steamship Company, Limited) against the Moran Towing & Transportation Company, and by the United States against the steamship Barendrecht, her engines, etc., the Barendrecht Steamship Company, claimant, and the steam tug Catherine Moran, her engines, etc., the Moran Towing & Transportation Company, impleaded claimant wherein the United States, on cross-libel by the Naamlooze Vennootschap Maatschappij Stoomschip Barendrecht (Barendrecht Steamship Company, Limited), was held jointly liable with the Moran Towing Company. On motion to strike allowance of interest against the United States. Motion denied.

See, also, 286 F. 386; 9 F.(2d) 614.

Emory R. Buckner, U. S. Atty., of New York City (Anthony M. Menkel, of New York City, of counsel), for the United States.

Park, Mattison & Lynch, of New York City (Henry E. Mattison, of New York City, of counsel), for Moran Towing & Transportation Co.

AUGUSTUS N. HAND, District Judge. I do not think· that the cases holding that the government is not liable for interest on claims against it, in the absence of statutes expressly providing therefor, are applicable to the present situation. The claim against the government here is not based upon any statute, nor does the claim for interest rest upon a matter of statutory interpretation. .

The government could not be held liable at all, except for the doctrine laid down by the Supreme Court in the case of Luckenbach Steamship Co. v. The Thekla, 45 S. Ct. 112, 266 U. S. 328, 69 L. Ed. 313. There it was said that, if the United States files a claim in admiralty against a vessel for injury inflicted upon one of its vessels by collision, the court has jurisdiction to award damages against it on a counterclaim if its vessel is found to be at fault. It is also evident, from the report of that case, that interest was allowed against the United States. In other words, the whole existence of the claim against the United States in this case is because the latter has sought affirmative relief, and by reason of that fact is held to be bound to do justice. Justice, in my opinion, involves payment for the withholding of money—complete reparation. The item of interest is but one element of the obligation created by the attempt of the United States to collect its own damages, with interest.

I may add that it would seem to me peculiarly unjust that the Moran Towing Company should be obliged to pay substantial sums in the way of interest upon a decree holding the United States and the Moran Towing Company jointly liable, and at the same time be unable to secure the ordinary rights of contribution recognized in suits of this kind.

The motion to strike out the allowance of interest is accordingly denied.